28 F.3d 71
 Will E. CLARK, also known as Will Elliot Clark; James
Miller, Appellees,
v.
Bill ARMONTROUT; Donald Cline; Phillip Vance, Appellants.
Will E. CLARK, also known as Will Elliot Clark; James
Miller, Appellants,
v.
Bill ARMONTROUT; Donald Cline; Phillip Vance, Appellees.
Will E. CLARK, also known as Will Elliot Clark; James
Miller, Appellees,
v.
Bill ARMONTROUT; Donald Cline; Phillip Vance, Appellants.
 Nos. 93-1170, 93-1172, 93-1215.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1993.
Decided June 29, 1994.
 
 Geoffrey W. Preckshot, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Geoffrey W. Preckshot on the brief), for appellants.
 Craig E. Gustafson, Kansas City, MO, argued, for appellee.
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Will Clark and James Miller ("the Inmates") brought this Sec. 1983 action against three Jefferson City Correctional Center (JCCC) officials--Warden Bill Armontrout, Assistant Warden Donald Cline, and Lieutenant Phillip Vance ("Prison Officials")--alleging that the defendants were deliberately indifferent to unconstitutional conditions of confinement in Housing Unit 5C. The Inmates alleged exposure to a scummy shower stall, filthy lice-infested mattresses, and very low cell temperatures. The jury found in favor of the Inmates and awarded each plaintiff $1.00 in nominal damages. The trial court awarded the Inmates attorney's fees in the amount of $11,017.71. Both parties appeal.
 
 
 2
 Prison Officials assert that the trial court erred (1) in giving an erroneous eighth amendment instruction; (2) in giving a nominal damages instruction; (3) in refusing to accept the jury's first completed verdict form, on which the jury omitted nominal damages; and (4) in failing to award attorney's fees in proportion to the damages won. The Inmates cross-appeal, contending that the district court erred (1) in failing to find the award of only $1.00 insufficient as a matter of law; and (2) in failing to reinstruct the jury on actual damages when it ordered the jury to award nominal damages. We reverse and remand for a new trial in light of the Supreme Court's recent decision in Farmer v. Brennan, --- U.S. ----, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
 
 
 3
 We need address only the Prison Officials' claim of an improper eighth amendment instruction. The district court instructed the jury that to prevail, the Inmates had to prove:
 
 
 4
 First, plaintiff's conditions of confinement in Housing Unit 5C were unsanitary and inhumane; and
 
 
 5
 Second, defendant was deliberately indifferent to plaintiff's constitutional right to be free of cruel and unusual punishment, either because defendant intended to deprive him of some right, or because defendant acted with reckless disregard of plaintiff's right to be free from unsanitary and inhumane conditions of confinement; and
 
 
 6
 Third, as a direct result, plaintiff was damaged.
 
 
 7
 Appellants' Joint App., vol. I pp. 21-26 (emphasis added).
 
 
 8
 Prison Officials objected to the second paragraph of this instruction, contending that it failed to fairly and adequately present the deliberate indifference standard. On appeal, Prison Officials assert that the instruction did not include the intent requirement established in Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), because it permitted the jury to find deliberate indifference based on Prison Officials' reckless disregard of the Inmates' rights. Prison Officials argue that they must possess actual knowledge of the inhumane or unsanitary conditions to be found liable under the eighth amendment.
 
 
 9
 Since the filing of our initial majority and dissenting opinions in this case, Clark v. Armontrout, 1994 WL 201736 (8th Cir. May 25, 1994), the Supreme Court, in deciding Farmer, clarified the "deliberate indifference" standard and the subjective requirements necessary to meet that standard:
 
 
 10
 We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 
 
 11
 Farmer, --- U.S. ----, 114 S.Ct. at 1979.
 
 
 12
 The Court further directed trial courts to integrate this subjective standard into the language of eighth amendment jury instructions:
 
 
 13
 When instructing juries in deliberate indifference cases ... courts should be careful to ensure that the requirement of subjective culpability is not lost. It is not enough merely to find that a reasonable person would have known [of the inhumane conditions], or that the defendant should have known, and juries should be instructed accordingly.
 
 
 14
 Id. n. 8. Upon reading and considering Farmer, this court on June 13, 1994, withdrew sua sponte its prior opinions filed May 25, 1994.
 
 
 15
 Prison Officials' objection to the eighth amendment instruction is well-taken. The "deliberate indifference" instruction given by the district court in this case is not in accord with the law as explicated in Farmer. The instruction failed to adequately instruct on the subjective test of culpability under the deliberate indifference standard. Prison Officials are entitled to a new trial with an instruction on deliberate indifference in accord with Farmer.
 
 
 16
 Accordingly, we reverse the judgment of the district court and remand this case for a new trial in conformity with the Farmer decision. The erroneous instruction affects the intertwined issues of liability and damages, requiring a new trial on all issues. The foregoing disposition moots all other issues presented on the appeals and the cross-appeal.