Alvin J. RANDLE, Appellant,

v.

B.R. PARKER, Sgt.; George Veazy, Sgt.;
T. Caldwell, Cummins Unit, Arkansas
Department of Correction, Appellees.

Alvin J. RANDLE, Appellee,

v.

B.R. PARKER, Sgt., Defendant,

George Veazy, Sgt., Appellant,

T. Caldwell, Cummins Unit, Arkansas
Department of Correction,
Defendant.

Nos. 94–2476, 94–2477.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1994.

Decided Feb. 17, 1995.

Patrick Goss, Little Rock, AR, argued, for appellant.

David Eberhard, Little Rock, AR, argued, for appellees.

Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

BOWMAN, Circuit Judge.

This case has its genesis in an incident in which Alvin Randle, incarcerated in the Cummins Unit of the Arkansas Department of Correction (ADC), spit at a fellow prisoner. The expectoration in question occurred during a spat with fellow inmate J. Piotrowski and resulted in both men being placed on each other's enemy alert list.[1] Later, despite the fact that prisoners were not supposed to be transported or to shower with individuals on their enemy list, during a shift supervised by Sergeant B.R. Parker the two men were released into the bullpen together in preparation for showering. This resulted in a severe beating inflicted on Randle by Piotrowski. Three days afterwards during a shift supervised by Sergeant George Veazy,[2] and with Terry Caldwell, a correction officer, on duty, Piotrowski was again simultaneously released with Randle, resulting in the latter receiving a further thrashing by Piotrowski. As a consequence of these altercations, Randle suffered eye and groin injuries and required surgery. Seeking redress, Randle has filed the present 42 U.S.C. § 1983 (1988) action against Parker, Veazy, and Caldwell alleging that they violated his Eighth Amendment rights by failing to protect him from Piotrowski.

The three defendants filed a motion to dismiss, and a Magistrate Judge recommended that Veazy be dismissed, a recommendation adopted by the District Court. Subsequently, after conducting an evidentiary hearing similar to that in Hobbs v. Lockhart, 46 F.3d 864 (8th Cir.1995),[3] for the purpose of determining whether Randle's claims had sufficient evidentiary support to present a jury issue, the Magistrate Judge recommended that Parker also should be dismissed from the suit. After reviewing the evidence developed at the pretrial hearing, the District Court accepted that recommendation and dismissed Parker, but reinstated the cause of action against Veazy. The case then proceeded to trial against Caldwell and Veazy before the Magistrate Judge pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c).

The jury returned a verdict for Caldwell, but found Veazy liable to Randle and awarded Randle damages in the amount of $3,500. The court entered judgment in accordance with the jury verdict. The judgment also reflects the earlier dismissal of Parker.

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. Randle also received thirty days of solitary confinement because of the incident.

2. The name is given as "Veazey" in several case documents and apparently attaches to the same Cummins Unit Sergeant identified as "George Veasey" in Pettengill v. Veasey, 983 F.2d 130 (8th Cir.1993). While it is unclear which (if any) of these spellings is correct, we will refer to "Veazy" throughout as a matter of consistency.

3. This evidentiary hearing is incorrectly referred to in the record below as a Spears hearing. See Hobbs v. Lockhart, 46 F.3d 864, 867 (8th Cir. 1995).

Randle appeals, contending the dismissal of Parker was error. Veazy cross-appeals the judgment entered in favor of Randle.

## I.

We first consider Randle's contention that the District Court erred in dismissing his claim against Parker. Randle argues that the evidence was sufficient to require the submission of this claim to the jury. We disagree. ·

■ In an Eighth Amendment failure-to-protect claim, the plaintiff is required to show that "the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Andrews v. Siegel,* 929 F.2d 1326, 1330 (8th Cir.1991) (citation omitted). Here we review *de novo* the District Court's dismissal of Parker based on the evidentiary hearing held by the Magistrate Judge. In so doing

> we must
>
> (1) resolve direct factual conflicts in favor of [Randle], (2) assume as true all facts supporting [Randle] which the evidence tended to prove, (3) give [Randle] the benefit of all reasonable inferences, and (4) [reverse the dismissal of Parker] if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Henson v. Falls,* 912 F.2d 977, 978–79 (8th Cir.1990) (citation omitted). As Randle points out, the District Court's order dismissing Parker did not become final until it eventually was incorporated into the post-trial final judgment. However, no motion for reconsideration was filed, and the case proceeded to trial against only Caldwell and Veazy. No attempt was made during the trial to reinstate Parker as a defendant. It thus is too late in the day for Randle to contend, as he does in this appeal, that we should look to evidence adduced at the trial

in order to determine whether the District Court was correct in dismissing Parker. Randle testified at the pre-jury hearing conducted by the Magistrate Judge that Parker had not been involved in the decision to release Piotrowski from his cell and was unaware that an altercation was going to occur. Pre–Jury Hearing Transcript 16, 18. He had been included as a defendant merely because he was the shift supervisor. *Id.* 16, 17. This leaves only the doctrine of *respondeat superior,* which cannot serve as a basis for imposing liability in a § 1983 case. *Glick v. Sargent,* 696 F.2d 413, 414–15 (8th Cir. 1983). *See also Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir.1993); *McDowell v. Jones,* 990 F.2d 433, 435 (8th Cir.1993). As no evidence was adduced at the pre-jury hearing to show sufficient personal involvement by Parker, or deliberate indifference or tacit authorization by him of the conduct complained of, *see Choate,* 7 F.3d at 1376, the Magistrate Judge correctly concluded that Parker should be dismissed from the suit and the District Court did not err in adopting this recommendation.

## II.

■ We now turn to Veazy's cross-appeal challenging the verdict and the resulting judgment entered against him. He argues that the court committed reversible error in giving the jury an erroneous Eighth Amendment instruction.[4] The relevant instruction (Instruction 11) stated:

> To prove his claim against the defendants, the plaintiff has the burden of proving, by a preponderance of the evidence, five essential propositions:
>
> First, that he was faced with a pervasive risk of harm from another prisoner at the Cummins Unit of the Arkansas Department of Correction; and
>
> Second, that the defendants or one of them were aware or should have been aware of the risk of harm to the plaintiff; and

---

4. Randle argues that Veazy did not make a sufficient objection to the instruction given by the District Court to preserve this issue for appellate review. *See* Fed.R.Civ.P. 51. We have considered this argument and we conclude it lacks merit. Thus the instructional error Veazy raises is properly before us.

Third, that the defendants or either of them were deliberately indifferent to the plaintiff's constitutional right to be free from cruel and unusual punishment either because they actually intended to deprive him of his right to be free from violent attacks by other inmates or because they acted with reckless disregard of that right; and

Fourth, that the defendants were acting under color of state law; and

Fifth, that the defendants' conduct was the proximate cause of injury to the plaintiff.

You are instructed that the parties have stipulated to the fourth element, and that there is no controversy that the defendants were acting under color of state law. You may accept it as a fact that they were so acting.

T. 229–30. *See also* T. 215–216. Veazy argues that the instruction is fatally flawed because its "should have been aware" language permitted the jury to find him liable without first finding that he actually was aware of the risk of harm to Randle in releasing him and Piotrowski into the same area at the same time. In reviewing this for reversible error; we must determine whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law fairly and adequately submitted the issue to the jury. *Herndon v. Armontrout,* 986 F.2d 1237, 1240 (8th Cir.1993).

■ Prior to the Supreme Court's holding in *Farmer v. Brennan,* —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), we had upheld the theory that "deliberate indifference" might be found on the basis of the objective "should have been aware" standard that the District Court here included in Instruction 11. *See, e.g., Taylor v. Bowers,* 966 F.2d 417, 421–23 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 394, 121 L.Ed.2d 302 (1992); *Bell v. Stigers,* 937 F.2d 1340, 1343 (8th Cir.1991). But as *Farmer* points out, this is nothing more than a common-law tort standard, and it has no place in Eighth Amendment jurisprudence. *See Farmer,* —— U.S. at —— – ——, 114 S.Ct. at 1978–79. As we recognized post-*Farmer* in *Clark v. Armontrout,* 28 F.3d 71, 72 (8th Cir.1994),

the objective standard of culpability is out, and Eighth Amendment conditions-of-confinement cases, including failure-to-protect cases, must be decided on the basis of a subjective standard of culpability.

In *Farmer,* the Court held

that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer,* —— U.S. at ——, 114 S.Ct. at 1979. The Court went on to note that an official's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be considered as the infliction of punishment." *Id.*

When instructing juries on deliberate indifference cases … courts should be careful to ensure that the requirement of subjective culpability is not lost. It is not enough merely to find that a reasonable person would have known …, or that the defendant should have known, and juries should be instructed accordingly.

*Clark,* 28 F.3d at 72 (quoting *Farmer,* —— U.S. at —— n. 8, 114 S.Ct. at 1979 n. 8).

■ In the present case, there was a factual dispute as to whether Veazy was aware of the risk of harm that Piotrowski presented to Randle, as well as whether Veazy was responsible for releasing Randle from his cell. We agree with Veazy that "[g]iven this dispute, it was vital that the jury be instructed correctly on the issue of knowledge and culpability regarding an alleged risk of harm." Brief of Appellee/Cross–Appellant 6.

Instruction 11 allowed the jury to find Veazy liable under the "should have known" standard that *Farmer* squarely rejects. Because the erroneous instruction "affects the intertwined issues of liability and damages," Veazy is entitled to a new trial, under proper jury instructions, on all issues. *See Clark,* 28 F.3d at 72.

## III.

For the reasons stated, we affirm the judgment of the District Court dismissing Parker and we reverse the judgment entered on the jury verdict in favor of Randle. The case is remanded for further proceedings consistent with this opinion.