887 F.Supp. 215 (1995)
Dale W. KUNKEL, Plaintiff,
v.
Glen STOCKWELL and Hans Gregor, Defendants.
No. 4:93CV02325 GFG.
United States District Court, E.D. Missouri, Eastern Division.
May 11, 1995.
*216 Dale W. Kunkel, Mineral Point, MO, plaintiff pro se and Mark L. Floyd, Walter L. Floyd, Inc., St. Louis, MO, for plaintiff.
Orval E. Jones, Asst. Atty. Gen., Jefferson City, MO and Paul M. Rauschenbach, Asst. Atty. Gen., St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motions for summary judgment. Documents ## 17, 20, 24.
Plaintiff Dale W. Kunkel, a Missouri prisoner confined at the Potosi Correctional Center (PCC), commenced this 42 U.S.C. § 1983 action against Glen Stockwell, a sergeant at PCC and Hans Gregor, a corrections officer at PCC, alleging that defendants violated his Eighth Amendment rights by failing to protect him from an assault by inmate Vincent Hines. Kunkel sued defendants in their individual and official capacities and sought relief in the form of monetary damages only. Document # 22.[1]
Kunkel alleged that Hines assaulted him twice within a span of a few days in 1992, while Kunkel was working in the Housing Unit 2 of the Administrative Segregation Unit. Hines was charged with violating the prison rule against assaulting fellow inmates following both incidents. Kunkel alleged that on January 5, 1993, he was removed from his cell, his hands were cuffed behind his back, and he was transported by Stockwell to the prison medical unit along with Hines, who also had his hands cuffed behind his back. Id. at 2-3. Kunkel asserted that on the way to the medical unit Hines threatened Kunkel and that Stockwell witnessed the threats. Id. at 3. Upon entering the medical unit, Hines and Kunkel were locked *217 in a room together to await dental treatment. Id.
Kunkel claimed Hines continued to threaten him and suggested that they go into the restroom area to fight. Gregor then entered the cell, ordered Hines out of the restroom and told the two inmates that if they were going to fight they should do so where the guards could watch. Id. at 3. Kunkel alleged that while defendants were watching from the nursing station, Hines slipped his handcuffs under his feet to the front of his body and attacked Kunkel with the handcuffs, hitting him in the head, neck, back and shoulders, and kicking him in the knee, stomach, and chest area. Id. at 4. Kunkel asserted that Stockwell knew that Hines had previously assaulted him and that both defendants were aware of the verbal threats made by Hines which immediately preceded the assault. Id. Kunkel asserted that defendants knew that Hines presented a substantial risk to his personal safety, that placing him in the same cell with Hines evidenced deliberate indifference to his health and safety and that defendants failed to take reasonable measures to abate the risk. Id.
After taking Kunkel's deposition, defendants moved for summary judgment. Defendants argue that Kunkel failed to produce sufficient evidence to create a genuine issue of fact on whether they were deliberately indifferent to the risk Hines presented to Kunkel's personal safety and that Kunkel's claim fails as a matter of law. Defendants further contend that they acted reasonably under the circumstances. Documents ## 20, 24, 25. Kunkel argues that he has produced sufficient evidence through his deposition testimony to create a genuine issue of material fact as to whether Stockwell and Gregor knew of and disregarded the substantial risk Hines presented to his personal safety.
Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court views the evidence and the inferences which may be drawn therefrom in the light most favorable to the nonmoving party. Adkison v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
In response to a properly supported motion, the nonmoving party may not rest on the allegations of the complaint, but by affidavit or other admissible evidence must set forth specific facts which demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257, 106 S.Ct. at 2514.
A prison official's deliberate indifference to a substantial risk of harm to a prisoner violates the Eighth Amendment. Farmer v. Brennan, ___ U.S. ___, ___, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). The Supreme Court has held that prison officials must take reasonable measures to protect prisoners from violence at the hands of other prisoners. Id. at ___, 114 S.Ct. at 1976. The Court in Farmer adopted a subjective test for deliberate indifference, stating:
[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
Id. at ___, 114 S.Ct. at 1979.
The Court explained, however, that "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall *218 an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at ___, 114 S.Ct. at 1981. Whether a prison official has the requisite knowledge is a factual matter "subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (internal citations omitted). The Court observed that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at ___, 114 S.Ct. at 1982-83. The Court summarized its holding as follows: "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at ___, 114 S.Ct. at 1984.
In light of Farmer, to survive defendants' summary judgment motions Kunkel must present evidence demonstrating that genuine issues of fact exist as to whether Stockwell and Gregor (1) knew that Hines presented a substantial risk of serious harm to Kunkel and (2) failed to respond reasonably to that risk. The only evidence in the record is Kunkel's deposition testimony.
Kunkel testified that Hines began making verbal threats against him sometime in 1991. Kunkel Depo. at 11-12. Hines is black and Kunkel is white. Id. at 6. Most of Hines's threats contained references to Kunkel's race. Id. at 11-12. Kunkel testified that the first assault Hines perpetrated against him occurred in 1992 in the presence of Officer McPeek. Hines tried to pull Kunkel's right hand through the "chuck hole" when Kunkel was passing out juice. Id. at 14. The next assault occurred a couple of days later. Kunkel reached out to grab a food tray Hines was passing out of his cell, and Hines slammed the tray down on to Kunkel's fingers. Id. Officer Josias was present at that time and filed a report concerning the incident. Id. at 15. Kunkel testified that he "believe[s] that [Stockwell] is one of the ones that interviewed [the prisoners about] one of the assaults, if not both." Id. at 35-36. Kunkel further testified that both Gregor and Stockwell knew Hines was his enemy because they had been around the inmates in the housing unit. Id. at 17. Kunkel admitted, however, that he had never officially declared Hines to be his enemy and that on November 22, 1994, he signed an enemy waiver concerning Hines in order to be released from administrative segregation. Id. at 8, 36-37.
Kunkel stated that the January 1993 assault occurred after he and Hines had been transported to the medical unit by Stockwell and another corrections officer. Id. at 15-16, 17-18. Gregor was not one of the officers who brought them down to the medical unit. Id. at 18. Both prisoners were handcuffed behind their backs at the time, and they exchanged threats along the way. Id. at 16. Stockwell heard the threats and told the men to shut up. Id. They complied with his order, and the prisoners were placed in the waiting room of the medical unit. Id. The waiting room has glass windows and faces the nursing station. Id. Stockwell and Gregor were in the nurses station watching the prisoners. Id. at 16-19. Kunkel testified that while confined in the waiting room, he and Hines began arguing and Hines invited Kunkel into the bathroom for a fight. Id. at 16. At that point, Gregor entered the cell, told Hines to stay out of the bathroom so Gregor could watch, and asked whether there was going to be a problem. Id. at 16, 33-34. Kunkel testified that he did not ask Gregor to remove him from the room and that he did not say anything to Gregor about a problem between Kunkel and Hines. Id. at 27, 33-34. Kunkel testified that the assault occurred after he visited the dentist and returned to the waiting room when there were no corrections officers watching. Id. at 15, 18-19, 24, 38. Hines somehow got his cuffed hands around from the back to the front of his body and attacked Kunkel. Id. at 15, 19. The attack lasted about one minute and thirty seconds before a number of corrections officers came in to break it up. Id. at 19.
*219 Viewing the evidence in the light most favorable to Kunkel, the Court concludes that Kunkel's testimony does not create a genuine issue of material fact regarding Gregor's knowledge of the risk Hines presented to Kunkel's safety. Gregor did not transport Hines and Kunkel to the medical unit; thus, he could not have heard Hines and Kunkel exchanging threats on the way. Moreover, Kunkel failed to apprise Gregor of his problems with Hines when given the opportunity to do so. Kunkel's allegation that Gregor stood by and watched while Hines assaulted him is refuted by Kunkel's testimony. Contrary to Kunkel's "belief" that Gregor was standing around watching the attack for his amusement, id. at 17, 38, Kunkel testified that no guards were watching when the attack started and that the guards responded immediately to stop the attack upon becoming aware of it. Kunkel's assertion that Gregor knew Kunkel and Hines were enemies simply because Gregor worked on the unit where the two prisoners resided is conclusory and insufficient to create a genuine issue of fact. See Magee v. Earl, 1994 WL 693878, *3 (S.D.N.Y. Dec. 9, 1994) (plaintiff's conclusory statement in deposition regarding defendants' knowledge of racial tension in prison insufficient to create issue of fact to withstand summary judgment). Finally, even if the Court were to conclude that Kunkel produced sufficient evidence to show that Gregor was aware of the risk Hines posed to Kunkel's safety, Gregor acted reasonably to avert that risk by ordering the prisoners, whose hands were cuffed behind their backs, to stay in view of the guards and by asking whether there would be a problem between them.
Whether Kunkel's testimony is sufficient to create a question of fact regarding Stockwell's knowledge of the risk Hines presented to Kunkel's safety is a closer question. The Court need not resolve this issue, however, because assuming Kunkel's testimony is sufficient to create a question of fact on Stockwell's knowledge, the Court concludes Kunkel has failed to establish a genuine issue of fact as to the reasonableness of Stockwell's response to that risk. See Farmer, ___ U.S. at ___ - ___, 114 S.Ct. at 1982-83. Stockwell placed Kunkel and Hines in the medical waiting room with their hands cuffed behind their backs to await medical treatment. The men could be observed by corrections officers while in the cell. At the first sign of potential trouble, Gregor intervened and told the prisoners to stay out of the bathroom so the guards could watch them. These precautions indicate that Stockwell acted reasonably to avert any risk of attack. Cf. Randle v. Parker, 48 F.3d 301, 302-03 (8th Cir.1995) (prison guards twice released officially declared enemies into area without restraints resulting in one inmate receiving two severe beatings). Liability does not attach under the Eighth Amendment simply because the precautions taken by Stockwell did not ultimately prevent the harm. Farmer, ___ U.S. at ___ - ___, 114 S.Ct. at 1982-83.
Accordingly,
IT IS HEREBY ORDERED that defendants' motions for summary judgment are granted.
NOTES
[1] Kunkel cannot obtain monetary damages against defendants in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985).