61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James Edward CERMAK, Appellant,
v.
Michael GROOSE; Robert Schoenen, Appellees.
 No. 94-3984.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1995.
Filed: July 25, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Edward Cermak, a Jefferson City Correctional Center (JCCC) inmate, appeals from the district court's[1] grant of summary judgment in favor of defendant prison officials in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In his complaint, Cermak alleged that JCCC Superintendent Michael Groose and JCCC Medical Director Robert Schoenen violated his Eighth and Fourteenth Amendment rights by subjecting him to conditions in the protective custody unit (PCU)-including overcrowding, inadequate ventilation, and inadequate personnel and procedure-that caused him to test positive for tuberculosis (TB) exposure. Groose and Dr. Schoenen moved for summary judgment, submitting their affidavits, the affidavit of a health coordinator for the Missouri Department of Corrections (MDC) in the Infectious Disease Unit, a copy of MDC's official procedure on TB control, and Cermak's medical records and deposition. Cermak responded, and the district court granted summary judgment for Groose and Dr. Schoenen. We review de novo the district court's grant or denial of summary judgment, using the same standards as the district court. Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir.1995).
 
 
 3
 To establish that the conditions of confinement in the PCU violated the Eighth Amendment, Cermak had to show first, that the alleged deprivation was " 'objectively, sufficiently serious' " resulting " 'in the denial of the minimal civilized measure of life's necessities,' " and second, that Groose and Dr. Schoenen were deliberately indifferent to " 'an excessive risk to inmate health or safety' " in that they actually knew of and disregarded the risk. See Williams v. Delo, 49 F.3d 442, 445 (8th Cir.1995) (quoting Farmer v. Brennan, 114 S. Ct. 1970, 1977, 1979 (1994)).
 
 
 4
 In support of their motion for summary judgment, defendants submitted evidence that JCCC instituted a TB screening and treatment program for all inmates and staff in 1990; that inmates identified as active TB suspects were immediately segregated until they were determined to be noninfectious; that Cermak screened positive for TB exposure in 1992 and was counseled concerning his infection with the TB-causing organism; that further testing showed he did not have active TB; that he was prescribed a one-year course of treatment with the prophylactic medication Isoniazid (INH) and Vitamin B6; and that when he complained of side effects from the INH, he was treated with additional medication.
 
 
 5
 We conclude the district court properly granted the motion for summary judgment. The uncontroverted evidence shows JCCC undertook a program of mass screening, preventative treatment, and isolation of inmates with suspected active TB before Cermak tested positive. Cermak has not produced any evidence tending to show that PCU conditions posed an increased TB risk, or that official policy on TB screening and treatment was not followed. Even assuming a factual dispute on those issues, Cermak has made no showing that Groose or Schoenen had any actual knowledge that established procedures were not being followed or that PCU conditions posed some type of increased risk of TB exposure to inmates housed there. See Williams v. Delo, 49 F.3d at 445 (no punishment within meaning of Eighth Amendment absent showing prison officials "consciously understood" risk to inmate health or safety); Randle v. Parker, 48 F.3d 301, 303 (8th Cir.1995) (Sec. 1983 liability requires showing of sufficient personal involvement or responsibility).
 
 
 6
 Accordingly, we affirm the judgment of the district court. Cermak's motion to strike portions of Groose and Dr. Schoenen's brief is denied.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri