70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Ronnie JOHNSON, Appellant,
v.
A.L. LOCKHART; Willis Sargent; A.J. Hall, Major; Larry
May; Talbot Falls (originally sued as Lt. Falls); R.R.
Wood, (originally sued as Lt. Wood); John Heier,
(originally sued as Sgt. Heir), Appellees.
 No. 94-2163.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 3, 1995.
Filed: November 30, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie Johnson, an Arkansas inmate, appeals the district court's[1] entry of judgment on a jury verdict for defendants in his 42 U.S.C. Sec. 1983 suit. We affirm.
 
 
 2
 Johnson alleged that while he was an inmate in the 9 Barracks at the Cummins Unit (Cummins) of the Arkansas Department of Correction (ADC), defendants violated his Eighth Amendment rights when they failed to protect him from an excessive risk of being attacked by other inmates. As a result, another inmate set Johnson on fire while he slept, and he suffered serious burns.
 
 
 3
 The jury returned separate verdicts in favor of each defendant. The district court entered judgment on the jury verdict for defendants, and denied Johnson's motion for judgment notwithstanding the verdict, and his motion for a new trial. Johnson timely appealed, arguing that the evidence presented at trial established defendants violated the Eighth Amendment. Johnson has moved for the appointment of counsel on appeal.
 
 
 4
 We review a challenge to the sufficiency of the evidence supporting a jury verdict by examining the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences that may be drawn from the evidence. See Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir.1993). It is the jury's duty to resolve conflicts in testimony. Id.
 
 
 5
 In an Eighth Amendment failure-to-protect claim the plaintiff is required to show that "the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates."
 
 
 6
 Randle v. Parker, 48 F.3d 301, 303 (8th Cir.1995) (quoted case omitted). To show deliberate indifference in a failure-to-protect case, an inmate must prove that a prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 7
 We have carefully examined the trial transcript, and conclude that sufficient evidence supports the jury's verdict. Johnson presented no evidence defendants knew of a particular risk of conflict between Johnson and his attacker. Based on the evidence presented at trial, viewed in favor of defendants, the jury could have found either that the frequency of assaults was not so longstanding or pervasive that defendants had subjective knowledge of a substantial risk of serious harm to Johnson, or that defendants knew of a substantial risk of attack, but did not recklessly disregard it. See Farmer, 114 S.Ct. at 1981-83.
 
 
 8
 Johnson's motion for appointment of counsel is denied.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas