# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2158

_____

| | | |
|---|---|---|
| Carl E. Richard, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Charlie Martin, Sheriff, Lonoke | * | District of Arkansas. |
| County Jail; B.E. Holmes, Dr., | * | |
| M.D., Lonoke Clinic (originally | * | [UNPUBLISHED] |
| sued as Holmes), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 2, 2001
Filed: March 9, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Carl E. Richard appeals the district court's[1] orders dismissing his 42 U.S.C. § 1983 action, in which he had alleged that Lonoke County

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

Sheriff Charlie Martin and Lonoke Clinic physician B.E. Holmes were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. After reviewing the parties' briefs and the record, we agree with the district court that (1) Richard failed to state a section 1983 claim against Dr. Holmes, because his complaint allegations do not support a claim that Dr. Holmes knew of, yet deliberately disregarded, Richard's serious medical need, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998) (Fed. R. Civ. P. 12(b)(6) dismissal); and (2) Richard's subsequent evidentiary hearing testimony failed to show that Sheriff Martin was deliberately indifferent either, see Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995) (dismissal after evidentiary hearing).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.