# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2580

_____

| | | |
|---|---|---|
| Jimmy C. Rowe, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Norris, Director, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction; Steven | * | |
| Weiss, Deputy Director, Arkansas | * | [UNPUBLISHED] |
| Department of Correction; Max | * | |
| Mobley, Assistant Deputy Director, | * | |
| Arkansas Department of Correction; | * | |
| Gaylon Lay, Warden, Cummins Unit, | * | |
| ADC (originally sued as Gayland | * | |
| Lay); Randall Manus, Deputy Warden, | * | |
| Cummins Unit, ADC (originally sued | * | |
| as Robert Manus); Rory Griffin, | * | |
| Medical Manager, Cummins Unit, | * | |
| CMS (originally sued as Griffin); K. | * | |
| McGhee, Director of Nursing, | * | |
| Cummins Unit, ADC; Fameer Shelat, | * | |
| Dr., Cummins Unit, ADC; Lisa | * | |
| Schwartz, Grievance Investigator, | * | |
| Cummins Unit, ADC (originally sued | * | |
| as Lisa Schwartz); C. Church, | * | |
| Grievance Investigator, CMS; | * | |
| Jessica Sanders, Nurse, Cummins Unit, | * | |
| ADC (originally sued as Sanders); | * | |
| Roland Anderson, Dr., State Medical | * | |
| Director, CMS (originally sued as | * | |

Anderson); H. Miller, Nurse, Cummins    *
Unit, ADC,                              *

                                        *

        Appellees.            *

_____

Submitted: August 17, 2006
Filed: September 22, 2006

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In a 42 U.S.C. § 1983 action against employees of the Arkansas Department of Correction (ADC) and Correctional Medical Services (CMS) (some of whom were not properly served), inmate Jimmy Rowe claimed denial of adequate medical care in violation of the Eighth Amendment. Specifically, he alleged that CMS State Medical Director Dr. Anderson denied care that was directed by Dr. Dotson (then a CMS physician), including a consultation with a gastrointestinal (GI) specialist for Rowe's Hepatitis C infection, and that he has not received some of his medication doses. Rowe requested a jury trial.

After some of the defendants were dismissed for Rowe's failure to state a claim against them under the doctrine of respondeat superior, a pretrial evidentiary hearing was held on the claims against the remaining four served defendants. Rowe and Dr. Dotson testified. The district court[1] then dismissed the action with prejudice, finding

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Rowe presented insufficient evidence to create a fact issue to be submitted to the jury. Rowe appeals, and we affirm.

We find no error in the dismissal of the claims that were based on respondeat superior, rather than personal liability. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (general responsibility for supervising prison operations is insufficient to establish the personal involvement required to support liability).

As to the post-hearing dismissal, we review de novo. See Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995). We agree with the district court that Rowe's claim against ADC Assistant Deputy Director Mobley failed, as Mobley's involvement was limited to denying some of Rowe's grievances, and thus was insufficient to impose liability on him. See Camberos, 73 F.3d at 176 (prison officials who lacked medical expertise were not liable for medical staff's diagnostic decision not to refer inmate to specialist). Further, CMS Medical Manager Griffin and CMS Nurse Sanders were not directly responsible for treatment decisions. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment or by prison doctors who fail to respond to prisoner's serious medical needs.").

As to Dr. Anderson, we find that Rowe established only a disagreement with the treatment he received. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim). Rowe wanted a certain medication Dr. Dotson had prescribed for his irritable bowel syndrome, but Dr. Anderson substituted similar medications. Rowe's blood was tested every few months to monitor his Hepatitis C, and he offered no verifiable medical evidence to establish that he was harmed by the denial of a consultation with a GI specialist. Cf. Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th

Cir. 1997) (inmate who complains about delay in medical treatment must present verifying medical evidence of detrimental effect of delay).

Accordingly, we affirm.

BYE, Circuit Judge, concurring in part and dissenting in part.

I join the majority opinion except in the following respects. I believe that Rowe presented sufficient evidence to proceed with his claim against Dr. Anderson for inadequate treatment of his Hepatitis C. At the time of the hearing Rowe was still waiting for a GI referral. He testified that he had been denied a liver biopsy, without which he could not show the extent of harm from the lack of proper treatment; and that Dr. Dotson had ordered a GI consultation, but Dr. Anderson had deferred it despite three liver function tests showing elevated ALT (alanine aminotransferase) levels. Dr. Dotson testified that a referral should be made in some circumstances after a single elevated ALT level, and that the only adequate treatment would have been referral to a GI specialist. Defendants did not introduce medical records showing that Rowe received adequate treatment. See Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (whether medical treatment so deviates from applicable standard of care as to show deliberate indifference is often factual question requiring expert opinion to resolve); Randle, 48 F.3d at 303 (court must resolve direct factual conflicts in favor of plaintiff, assume as true all facts supporting plaintiff which evidence tends to prove, and give plaintiff benefit of all reasonable inferences; inquiry is whether evidence so viewed would allow reasonable jurors to differ as to conclusions that could be drawn); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (medical care so inappropriate as to evidence refusal to provide essential care violates Eighth Amendment). I further believe that Rowe presented sufficient unrebutted testimony to proceed with his claim for missed medication against CMS Medical Manager Griffin, to whom Rowe submitted many complaints about the issue, and against CMS Nurse Sanders, the chronic care nurse to whom he also complained. See Estelle v.

Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference includes intentional interference with prescribed treatment).

      For these reasons, I respectfully dissent in part.

_____