# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1390

_____

Billy Charles Aaron,            *
                                  *

       Appellant,          *
                                  *   Appeal from the United States

      v.                *   District Court for the Eastern
                                  *   District of Arkansas.

Joe Nolen, Major, Grimes Unit,   *
ADC; June Lloyd, Disciplinary    *    [UNPUBLISHED]
Hearing Officer, Grimes Unit, ADC; *
John Maples, Warden, Grimes Unit, *
ADC; Robert Clark, Disciplinary  *
Hearing Administrator, ADC;     *
Larry Norris, Director, ADC;     *
Larry May, Deputy/Assistant     *
Director, ADC,              *
                                  *

       Appellees.        *

_____

Submitted: July 5, 2007
Filed:  July 9, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Billy Charles Aaron appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action after an evidentiary hearing. We affirm.

Upon de novo review, see Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995), we agree with the district court that the retaliatory-discipline claim failed because Aaron did not show defendant had a retaliatory motive in issuing a major disciplinary, and some evidence supported the disciplinary hearing officer's decision that Aaron had actually committed forgery. See Cornell v. Woods, 69 F.3d 1383, 1387-89 (8th Cir. 1995) (noting standard for retaliatory-transfer claim--inmate must show that impermissible retaliation was actual motivating factor for his transfer--guides resolution of retaliatory-discipline claim, with distinction that retaliatory-discipline claim fails if discipline was imposed for actual violation of prison rules). We also find no merit to the due process claim because Aaron did not show that the time he spent in punitive segregation as a result of the disciplinary conviction represented an atypical and significant deprivation, see Sandin v. Conner, 515 U.S. 472, 475-76, 483-86 (1995), and he must seek restoration of his good-time credits in a habeas proceeding, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Finally, we note Aaron's consent to proceed before the magistrate was not required, see 28 U.S.C. § 636(b)(1)(B), and we conclude the district court did not abuse its discretion in disallowing Aaron's witnesses, particularly when Aaron has not explained how his requested witnesses would have testified and how their testimony would have been beneficial to his case, cf. McPheeters v. Black & Veatch Corp., 427 F.3d 1095, 1103-04 (8th Cir. 2005) (trial court's release of witness was not abuse of

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

discretion where, inter alia, plaintiff gave no indication of substance of witness's expected testimony).

Accordingly, we affirm.

_____