# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3618

_____

Robert R. Heffernan,
                Appellant,

v.

Grant Harris, Deputy Director, ADC;
Curtis Meinzer, Assistant Warden,
Varner Unit, ADC; Yolanda Clark,
Food Production Manager, II, Varner
Unit, ADC,

                Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: June 27, 2011
Filed: June 30, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Robert Heffernan, a diabetic, filed a 42 U.S.C. § 1983 action claiming that certain prison officials had been deliberately indifferent to his serious medical needs when they deprived him of a full meal following his early morning insulin injection on holidays between December 2009 and May 2010. After an

evidentiary hearing, the District Court[1] granted summary judgment for the defendants, and Heffernan appeals.

Following careful de novo review, we agree with the District Court that the evidence, viewed in the light most favorable to Heffernan, did not establish that defendants acted with deliberate indifference. See Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995) (standard of review). On each of the five holidays at issue, Heffernan received a sandwich and juice after his 2:00 a.m. insulin injection, he experienced low blood sugar before his next meal and was given glucogen in the infirmary, and he was monitored until his blood sugar reached a safe level. Even though on one of those occasions Heffernan's blood-sugar level was so low that he was incoherent for a period of time, at no time did defendants deviate from his prescribed dietary plan, and the policy was ultimately changed so that Heffernan is no longer experiencing problems with his blood-sugar levels on holidays. See Pietrafeso v. Lawrence County, S.D., 452 F.3d 978, 982–83 (8th Cir. 2006) (explaining what constitutes deliberate indifference in the prison setting); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (recognizing that prisoners have a right to adequate nutrition and that failure to provide adequate nutrition may qualify as deliberate indifference, but the prisoner must show "that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"). In addition, Heffernan did not request additional discovery before the adverse decision, and he has not indicated how additional discovery might have established liability on the part of the named defendants. See Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008) (explaining that in the absence of a motion under Rule 56(f) of the Federal Rules of Civil Procedure "for a continuance accompanied by an affidavit showing what specific facts further discovery might

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

uncover, a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it").

Accordingly, we affirm the judgment and deny Heffernan's pending motions.

_____