# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1081

_____

Essalene Lambert, for herself &ast;
and for the benefit of Marsenio &ast;
Lambert, Khiry Smith, Toris &ast;
Lambert, Nikkita Lambert, A'Bria &ast;
Smith, Ashley Lambert, John Henry &ast;
Lambert, Jr., Clifton Lambert, &ast;
Raymond Lambert, Floristene &ast;
Owens, Bettye Murry, Earnestine &ast;
Jenkins, Diane Davis, Allie &ast;
Johnson, and Linda Lambert, Heirs &ast;
of the Estate of David Lambert, &ast;
Deceased, &ast;
&ast;

     Appellee, &ast;   Appeal from the United States
&ast;   District Court for the Eastern
   v. &ast;   District of Arkansas
&ast;

The City of Dumas, Arkansas; Chief &ast;
Everett Cox, individually and as &ast;
Chief of Dumas Police Department; &ast;
Valerie Bradley, individually and as &ast;
a police officer of the City of Dumas; &ast;
Kevin Knight, individually and as &ast;
a police officer of the City of Dumas; &ast;
Randy Hilliard, individually and as &ast;
a police officer of the City of Dumas; &ast;
Michael Donigan, individually and as &ast;
a police officer of the City of Dumas; &ast;
Jane Doe No. 1; John Doe No. 1, &ast;
individually and as police officers &ast;
of the City of Dumas, &ast;

Appellants.   \*

_____

Submitted: June 18, 1999

Filed: August 9, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE, District Judge.[1]

KYLE, District Judge.

On May 14, 1997, David Lambert ("Lambert") died in his jail cell at the Dumas, Arkansas Police Department.  Essalene Lambert and her family brought this case under 42 U.S.C. § 1983, seeking recovery for unlawful arrest, excessive force, and wrongful death.[2]  The City of Dumas and members of its police department appeal the denial of their motion for summary judgment on the issue of qualified immunity.  For the reasons set forth below, we affirm in part and reverse in part.

At approximately 3:00 p.m. on May 14, 1997, Dumas Police Officers Randy Hilliard, Michael Donigan, and Kevin Knight answered a call concerning an attempted

_____

[1]      The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]      In her Complaint, the Appellee alleged wrongful death by means of deliberate indifference and, alternatively, by intentional means.  Only the Appellee's claim for wrongful death by deliberate indifference is currently before the Court. (See Appellee's Opp'n Mem. at 16.)

burglary. Upon arriving at the address given by the caller, the officers encountered Lambert outside the home of Ruthie Jordan ("Jordan"), the alleged victim of the burglary. Although the Appellants claim that Lambert was arguing with Jordan, was unstable on his feet, and was unintelligible in his speech, the Appellee presented evidence that Lambert was engaged in friendly conversation with Jordan and was not visibly intoxicated.[3]

The Appellant officers placed Lambert under arrest for public intoxication.[4] Although Lambert did not resist arrest, he was "violently shoved" and "kicked" into the patrol car by the officers. At the police station, Lambert was given a blood alcohol test, registering a blood alcohol level between .24 and .25. During the booking procedure, a fight occurred between Lambert and four officers, resulting in Lambert being sprayed with pepper spray or some other kind of chemical restraint. The officers then carried Lambert to his cell, where he was again sprayed with some type of chemical restraint. The four officers were identified as Officers Knight, Hilliard, Donigan and Ashcraft.

---

[3] In reviewing the denial of summary judgment, we view the record in a light most favorable to the nonmovants. See Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996); see also Fed. R. Civ. P. 56(b).

[4] It is a class C misdemeanor for a person to appear in public "manifestly under the influence of alcohol or a controlled substance to the degree and under such circumstances that he is likely to endanger himself or other persons or property, or that he unreasonably annoys persons in his vicinity." Ark. Code Ann. § 5-71-212. A class C misdemeanor is punishable by a sentence not exceeding thirty days. See Ark. Code Ann. § 5-4-401(b)(3).

At approximately 4:00 p.m., Officer Valerie Bradley, the jailer, came on duty. At 4:30 p.m., while making her rounds through the jail, she told Lambert to quiet down or he would "get some more." Approximately fifteen minutes later, Officers Knight, Hilliard, Donigan and Ashcraft went back to Lambert's cell where another fight occurred, again resulting in Lambert being sprayed with chemical restraint. No other attempts were made by the officers to observe Lambert or to check on his condition. Throughout this time, Lambert demanded to be released and to talk with the Dumas chief of police. Lambert was not placed on a suicide watch or in a designated "drunk tank."

At approximately 7:00 p.m., Officer Bradley discovered Lambert's body hanging by his jail jumpsuit from his cell door. Upon finding the body, jail officers immediately called an ambulance. Lambert was pronounced dead upon arrival at the hospital. The autopsy report ruled Lambert's death a suicide.

The Appellee brought the instant case under 42 U.S.C. § 1983, alleging unlawful arrest, excessive force, and wrongful death by means of deliberate indifference and, in the alternative, by intentional means. The Appellants moved for summary judgment, arguing that they were entitled to qualified immunity. The district court denied the motion, finding material facts to be in dispute on all counts. Addressing separately the Appellants' claim of qualified immunity, the court stated that "there is some evidence that defendants should have known of Lambert's suicidal tendencies, i.e., the March 28, 1994, incident at the jail when he attempted to swallow a crack pipe and crack

cocaine."[5] The court further noted that Lambert's attempt to swallow the crack pipe was most probably "caused by his desire to destroy evidence." Nevertheless, giving the Appellee the benefit of every factual inference, the court found that the Appellants were not protected by qualified immunity.

## I.      Summary Judgment

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(b). The court views the evidence and the inferences which may be reasonably drawn from it in the light most favorable to the nonmoving party. See Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996); see also Adkinson v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir. 1992). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See Enterprise Bank, 92 F.3d at 747; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The nonmoving party must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.

---

[5]      On an earlier occasion, in March 1994, Lambert had been arrested by Dumas police for criminal trespass. While he was in handcuffs, the arresting officers discovered a crack pipe in his pocket. At the police department, while the officers were completing the paperwork on Lambert's arrest, Lambert reached across a counter, grabbed the crack pipe, and swallowed it. Fearing that he may have injured himself by swallowing the crack pipe, the officers transported Lambert to a hospital. Although the crack pipe was lodged in his esophagus or stomach, Lambert was not injured and was returned to the police department.

1995).  Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party.  See Liberty Lobby, 477 U.S. at 250, 106 S. Ct. at 2511.

## II.    Qualified Immunity

We review issues of qualified immunity de novo.  See Liebe v. Norton, 157 F.3d 574, 576 (8th Cir. 1998).  "Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which the reasonable person would have known."  Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)).   This Court has established a three-part test to determine whether a government official is protected by qualified immunity: (1) the plaintiff must assert a violation of a constitutional or statutory right; (2) that right must be clearly established; and (3) taking all facts in a light most favorable to the plaintiff, there must be no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.  See id.  The issue of whether summary judgment on grounds of qualified immunity is appropriate from a particular set of facts is a question of law.  Greiner v. City of Champlin, 27 F.3d 1346, 1352 (8th Cir. 1994).  "But if there is a genuine dispute concerning predicate facts material to the qualified immunity issue, there can be no summary judgment."  Id.

## III.   The Appellants Are Not Entitled to Summary Judgment Regarding the Appellee's Claim for Unlawful Arrest.

The Appellee alleges the violation of a clearly established constitutional right. The Fourth Amendment to the Constitution protects the right of the people to be

"secure in their persons . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. The Fourth Amendment includes the right to be free from arrest without probable cause. See Ripson v. Alles, 21 F.3d 805, 807-08 (8th Cir. 1994).

The Appellee asserts that Lambert was arrested without probable cause, solely due to his prior interactions with the Dumas police. She alleges that the Dumas police had become "antagonistic" toward Lambert due to their prior relationship with him and that the officers were predisposed to arrest Lambert. Moreover, she has presented evidence that Lambert was not visibly intoxicated and that neither his speech nor his actions provided the officers with probable cause to arrest him. Consistent with summary judgment standards, the Court assumes the Appellee's factual allegations to be true. Taking these allegations as true, the Court finds that any officer of reasonable competence would have known that no probable cause existed to arrest Lambert.[6] By arresting him without probable cause, the officers would have known that they were acting unlawfully.

The Appellants dispute the Appellee's factual claims, and contend that Lambert was unable to stand under his own control and that his speech was slurred and unintelligible. Such observations would have provided the officers with probable cause to arrest Lambert. This factual dispute, however, presents a genuine issue of material

[6]     The Appellants' reliance on the results of a "Portable Breath Test" given to Lambert after the arrest is misplaced. (See Appellants' Supp. Mem. at 3-4.) The relevant inquiry is whether the arresting officers had probable cause to arrest Lambert at the time of the arrest, not whether the officers' decision to arrest Lambert can be justified by information learned after the arrest. See Peterson v. City of Plymouth, 60 F.3d 469, 473-77 (8th Cir. 1995).

fact for trial. The district court, therefore, was correct in concluding that the Appellants were not entitled to summary judgment on the basis of qualified immunity.

## IV. The Appellants Are Not Entitled to Summary Judgment with Respect to the Appellee's Claim of Excessive Force.

The Appellants contend that they are entitled to qualified immunity with respect to the Appellee's claim of excessive force, arguing that Lambert suffered only minor injuries as a result of the force used by them, which were not sufficiently serious to support an excessive force claim. (See Appellants' Supp. Mem. at 4-5; Appellants' Reply Mem. at 4.)

This Court has specifically rejected the "significant injury" requirement proposed by the Appellants. See Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995).[7] "Assuming without deciding that [a plaintiff bringing an excessive force claim against police officers] must have suffered some minimum level of injury to proceed . . ., we conclude that the necessary level of injury is actual injury." Id. In Dawkins, we concluded that the plaintiffs had suffered "actual injury" because one plaintiff had sustained bruises and a facial laceration, another sustained bruised knees and elevated blood pressure, and a third suffered from posttraumatic stress disorder. See id. In the instant case, the Appellants have conceded that Lambert suffered "[a] single small cut of the lateral right eyelid and small scrapes of the right posterior knee and upper calf

---

[7] In support of their proposed "significant injury" requirement, the Appellants rely exclusively on Shillingford v. Holmes, 634 F.2d 263, 264 (5th Cir. 1981). The Fifth Circuit, however, expressly abandoned the "significant injury" requirement for excessive force claims in Harper v. Harris County, 21 F.3d 597, 600 (5th Cir. 1994).

. . . ." (Appellants' Supp. Mem. at 4-5.) Assuming -- as we did in <u>Dawkins</u> -- that a plaintiff bringing an excessive force claim must show "actual injury," we conclude that the Appellee's evidence satisfies such a requirement.

Again, the Appellants dispute the Appellee's factual claims regarding the amount and degree of force used. Such a factual dispute, however, establishes a genuine issue of material fact for trial precluding summary judgment for the Appellants on their claim of qualified immunity with respect to the Appellee's claim of excessive force.

## V.     The Appellants Are Entitled to Qualified Immunity with Respect to Appellee's Claim of Wrongful Death Due to Conditions of Confinement.

The Appellants contend that they are entitled to qualified immunity with respect to the Appellee's claim of wrongful death due to the conditions of confinement. A prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-105, 97 S. Ct. 285, 291 (1976); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994) (holding that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment). The right to have medical needs addressed includes the right to be protected from a known risk of suicide. <u>See</u> <u>Liebe v. Norton</u>, 157 F.3d 574, 577 (8th Cir. 1998). Qualified immunity does not protect a prisoner's jailers if they are shown to have acted with "deliberate indifference to the risk of [the prisoner's] suicide." <u>Rellergert v. Cape Girardeau County</u>, 924 F.2d 794, 796 (8th Cir. 1991). A defendant cannot be found liable under the "deliberate indifference" standard, however, unless that defendant "knows of and disregards an excessive risk to inmate health or safety."

Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.  "The deliberate standard is met only if there were a 'strong likelihood, rather than a mere possibility,' that self-infliction of harm would result."  Bell v. Stigers, 937 F.2d 1340, 1343 (8th Cir. 1991) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)).  A showing that a jailer was negligent in failing to recognize a prisoner's suicidal tendencies is insufficient to satisfy this standard.  Bell, 937 F.2d at 1343.

The district court denied the Appellants' motion for summary judgment on the Appellee's conditions-of-confinement claim because it found that "there is some evidence that the defendants should have known of Lambert's suicidal tendencies . . . ."  This conclusion, however, is irrelevant to the liability vel non of the Appellants because it applies an incorrect legal standard.  To establish liability for a conditions-of-confinement claim under the Eighth Amendment, the Appellee must show that the officers had actual knowledge of a substantial risk of harm to Lambert and then disregarded that knowledge.  A finding of negligence is insufficient, because "deliberate indifference" involves a subjective standard of culpability.  See Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.

Prior to the Supreme Court's decision in Farmer, we had held that a plaintiff could show "deliberate indifference" in a conditions-of-confinement case by demonstrating that the defendant "knew or should have known" of a risk of harm to the plaintiff.  See Jensen v. Clarke, 73 F.3d 808, 810-11 (8th Cir. 1996) (explaining the change in Eighth Amendment jurisprudence brought about by Farmer).  In Randle v. Parker, 48 F.3d 301 (8th Cir. 1995), we made clear that the "knew or should have known" standard "is nothing more than a common-law tort standard, and has no place

-10-

in Eighth Amendment jurisprudence." Id. at 304. As we held in Randle, "the objective standard of culpability is out, and Eighth Amendment conditions-of-confinement cases . . . must be decided on the basis of a subjective standard of culpability." Id.

In the instant case, the Appellee has presented no evidence upon which a reasonable finder of fact could conclude that any of the Appellants was actually and subjectively aware of any risk that Lambert may inflict harm upon himself. At no time during his incarceration did Lambert threaten to commit suicide or otherwise indicate that he might commit suicide. Lambert was never classified as a suicide risk. The only conceivable prior indication that Lambert was predisposed to harm himself was the April 1994 incident when Lambert swallowed a metal crack pipe. (See supra note 5.) The Appellee has failed, however, to present evidence that any of the Appellants were present when this incident occurred more than three years earlier, or had any knowledge of this incident.

As the Supreme Court held in Farmer, a prison official's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be considered as the infliction of punishment." Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. Because the Eighth Amendment outlaws cruel and unusual "punishment" rather than cruel and unusual "conditions," the Court rejected the objective standard for imposing liability under the Eighth Amendment. The Appellee argues that the Appellants should have known of the risk that Lambert posed to himself. Regardless of the correctness of this contention, she has failed to show that

any of the Appellants actually knew of this risk.[8]

Even if the Appellee could show that one or more of the Appellants had actual knowledge of the 1994 incident with the crack pipe, we would find this evidence insufficient to show that the officers knew that Lambert had present suicidal intentions upon arrest in May 1997, or that there was a "strong likelihood . . . that self-infliction of harm would result." Bell, 937 F.2d at 1343. More than three years had elapsed between the April 1994 crack pipe incident and the May 1997 arrest and confinement, and any inference of suicidal tendencies that could be drawn from the 1994 incident would be extremely tenuous. We have serious doubts, therefore, regarding whether the Appellee's evidence would constitute grounds for a reasonable finder of fact to conclude that an officer -- even one who was aware of the 1994 incident -- possessed actual knowledge that Lambert presented a risk of harm to himself.

Moreover, even if the 1994 incident could have allowed the officers to infer that Lambert had present suicidal intentions upon his arrest in May 1997, the Appellee has presented no evidence that any of the Appellants in fact drew that inference. The fact that the Appellants failed to prevent Lambert's suicide is not by itself evidence of

---

[8] During oral argument, Appellants' counsel raised the argument that any of the individual Appellant officers who were not involved in Lambert's arrest are entitled to summary judgment on that claim. This argument -- although certainly sound as a matter of law -- does not appear to have been raised before the district court, and it was not briefed by the parties on appeal. Moreover, based upon the record currently before us, we are unable to determine which officers were involved in the arrest and which were not. Accordingly, we leave to the district court the fact-specific determination of which individual Appellants -- if any -- are entitled to dismissal.

deliberate indifference.  Absent knowledge of a detainee's suicidal tendencies, failure to prevent suicide does not constitute deliberate indifference.  <u>See</u> <u>Jensen</u>, 73 F.3d at 810-11.

Accordingly, we affirm the district court's denial of the motion for summary judgment with regard to the arrest and the alleged use of excessive force.  We reverse the district court with regard to the Appellee's claim of wrongful death due to the conditions of confinement.  The case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.