# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2092

_____

Beau T. Berge,

        Appellant,

v.

Greg VanLangen; Brett Shatto;
Larry Lamack; Eric Milburn,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted:  January 7, 2003

Filed:  January 13, 2003

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Beau T. Berge appeals from the final judgment entered in the District Court for the Northern District of Iowa dismissing his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A(b).  For the reasons discussed below, we affirm in part and reverse in part.

In his pro se complaint, Berge named Estherville Law Enforcement Center (ELEC) Investigator Greg VanLangen, ELEC Sergeant Brett Shatto, ELEC Chief Eric Milburn, and Emmet County Sheriff Larry Lamack.  He alleged that VanLangen

arrested him based on evidence "that was false and unconstitutionally acquired," that the evidence was derived from "a non-testimonial identification procedure," and that VanLangen filed a sworn affidavit which contained false information received from a confidential informant, which led to Berge's arrest, all in violation of Iowa state laws and the Fourth Amendment. Berge alleged that Shatto, Milburn, and Lamack "were all [adequately] involved in this case as well." Berge was detained three months until charges were dropped.

The district court held that Berge failed to state a violation of a constitutional or federal statutory right, and dismissed his complaint. The district court did not rule on Berge's pending motion for appointment of counsel.

A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Here, Berge's complaint can fairly be read as alleging that VanLangen knew the information provided in the affidavit was false and thus a violation of Berge's Fourth Amendment rights. See Lambert v. City of Dumas, 187 F.3d 931, 935 (8th Cir. 1999) (holding Fourth Amendment protects right to be free from arrest without probable cause); Moody v. St. Charles County, 23 F.3d 1410, 1411-12 (8th Cir. 1994) (holding allegation that false affidavit was basis for arrest warrant is sufficient to state § 1983 Fourth Amendment claim against affiant officer); Burk v. Beene, 948 F.2d 489, 494-95 (8th Cir. 1991) (§ 1983 suit; holding officer who was aware affidavit was untruthful "should have known [it] would violate the accused's constitutional rights").

As to Shatto, Milburn, and Lamack, however, Berge failed to specify in his complaint how any of them violated a protected right. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that to state § 1983 claim against defendant, plaintiff must allege that defendant "was personally involved in or had direct responsibility for incidents that" resulted in injury).

Accordingly, we reverse the dismissal of Berge's complaint as to VanLangen, we affirm the dismissal as to the other defendants, and we remand this case to the district court for further proceedings. On remand the district court should consider Berge's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.