The plaintiff appeals from the dismissal of her amended complaint, which asserts violation of her substantive due process rights.[3] The pro se amended complaint is not a model of clarity, but we read it generously to allege that the defendants failed to investigate fully certain allegations concerning the plaintiff, her daughter, and one Chimere Jones and her daughter, and that the defendants included misinformation in certain police reports. Read liberally, the amended complaint appears to allege that the two daughters have had one or more physical altercations, in which the plaintiff intervened. Jones (or perhaps others) then falsely stated to the Boston police department (Boston police) that the plaintiff committed assault and witness intimidation. The Boston police included this misinformation in police reports without adequate investigation and, as a result, the plaintiff was criminally charged. The plaintiff "was later found not guilty due to lack of probable cause and was released from charges and allegations."[4] The plaintiff's efforts to correct the police reports, as well as her various complaints to the Boston police, have been inadequately addressed, causing her to fear for her safety. In addition, the plaintiff alleges that the defendants asked her to drop charges against the individuals who falsely accused her and, further, that "[p]laintiff refused to drop case and received information to [sic ] internal affairs to file complaint if [d]efendant don't investigate."
Even accepting these allegations as true, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), the amended complaint was nonetheless properly dismissed. To the extent the amended complaint can be read to assert a negligence claim under State law, the Legislature has not waived sovereign immunity for claims such as those the plaintiff asserts here. See Anderson v. Gloucester, 75 Mass. App. Ct. 429, 433 (2009). General Laws c. 258, § 10 (h ), provides that immunity has not been waived for claims based on the "failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, [or] arrest or detain suspects." See Lawrence v. Cambridge, 422 Mass. 406, 409 (1996).
We have also considered whether the plaintiff has stated a claim under 42 U.S.C. § 1983, for violation of her substantive due process rights under the Fourteenth Amendment to the United States Constitution. Allegations of mere negligence do not rise to the level of due process violations. See Daniels v. Williams, 474 U.S. 327, 333 (1986), quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required' "); Baker v. McCollan, 443 U.S. 137, 144 (1979) (no cognizable constitutional claim even though defendants detained plaintiff for three days without investigating his claims of innocence). Nor does the substantive due process guarantee serve as a means of constitutionalizing tort law so as to "impos[e] liability whenever someone cloaked with state authority causes harm." Sacramento v. Lewis, 523 U.S. 833, 848 (1998). "In order to assert a valid substantive due process claim, [the plaintiff has] to prove that [she] suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). "[I]n order to shock the conscience, conduct must at the very least be 'extreme and egregious, or, put another way, 'truly outrageous, uncivilized, and intolerable.' " Pagán v. Calderón, 448 F.3d 16, 32 (1st Cir. 2006), quoting Hasenfus v. LaJeunesse, 175 F.3d 68, 72 (1st Cir. 1999). "Mere violations of state law, even violations resulting from bad faith," do not invariably amount to conscience-shocking behavior. DePoutot v. Raffaelly, 424 F.3d 112, 119 (1st Cir. 2005). Rather, conscience-shocking behavior "must be stunning." Amsden v. Moran, 904 F.2d 748, 754 n.5 (1st Cir. 1990).
"In an extreme case, a police officer's intentional or reckless failure to investigate before making a complaint can support a substantive due process claim, but neither negligent nor grossly negligent failure to investigate amounts to a constitutional violation." Davis v. White, 794 F.3d 1008, 1015 (8th Cir. 2015) (executing four complaints making allegedly false charges against plaintiff did not rise to required level). The negligent failure to investigate leads or to explore inconsistencies in the evidence does not rise to the level of a constitutional violation. See, e.g., id.; Akins v. Epperly, 588 F.3d 1178, 1184 (8th Cir. 2009) ; Amrine v. Brooks, 522 F.3d 823, 835 (8th Cir. 2008) ; Clemmons v. Armontrout, 477 F.3d 962, 966 (8th Cir. 2007). Similarly, a claim does not lie when a State actor simply believes untrue testimony against a person, or displays bias against that person. Thomas v. Salisbury, 134 F. Supp. 3d 557, 566 (D. Mass. 2015).
Here, the allegations of the amended complaint, even read in the light most favorable to the plaintiff, do not rise to the level of stating a substantive due process claim. At best, the amended complaint alleges that the defendants fell short in the performance of their duties, causing criminal charges to be brought against the plaintiff on false information provided to them. This is not a case alleging that the Boston police manufactured evidence, coerced testimony or confessions, or recklessly ignored contrary evidence. Contrast White v. Smith, 696 F.3d 740, 753-759 (8th Cir. 2012) ; Wilson v. Lawrence County, 260 F.3d 946, 952-955 (8th Cir. 2001).
Order allowing motion to dismiss affirmed.

A judge allowed the plaintiff's motion to amend her complaint and deemed that document the amended complaint.

This allegation is flawed because lack of probable cause is not the standard for acquittal. It is therefore unclear how the charges were ultimately disposed of. However, that piece of information is not important for our purposes here.