# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3938

_____

| | | |
|---|---|---|
| James Munson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; Ray Hobbs, | * | |
| Assistant Director, Arkansas | * | Appeal from the United States |
| Department of Correction; P. Smith, | * | District Court for the |
| R.S.V.P. Counselor, Tucker Unit, | * | Eastern District of Arkansas. |
| ADC; Stephen Clark, Dr., Tucker Unit, | * | |
| ADC (originally sued as Clark); | * | [PUBLISHED] |
| David White, Warden, Tucker Unit, | * | |
| ADC; R. Brownlee, Chairman, Post | * | |
| Prison Transfer Board; John Felts, | * | |
| Board Member, Post Prison Transfer | * | |
| Board; Max Mobley, Director, R.S.V.P. | * | |
| Program, Tucker Unit, ADC; Roy | * | |
| Dunlop, R.S.V.P. Coordinator, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 28, 2005
Filed: January 24, 2006

_____

Before ARNOLD, HANSEN, and RILEY, Circuit Judges.
_____

PER CURIAM.

James Munson, an Arkansas prisoner, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action after a pretrial evidentiary hearing. We affirm in part, reverse in part, and remand.

Mr. Munson filed this action against Arkansas Department of Correction (ADC) Director Larry Norris and Assistant Director Ray Hobbs; Tucker Unit Warden David White; Post Prison Transfer Board (PPTB) Chairman R. Brownlee and Member John Felts; and Reduction of Sexual Victimization Program (RSVP) Director Max Mobley, Coordinator Roy Dunlop, Counselor Phyllis Smith, and Dr. Stephen Clark. Mr. Munson alleged that he was granted parole in June 2000 with the stipulation that he complete the RSVP, a one-year sex offenders' class. He began the program in January 2001, but was removed from it in September 2001. While in the program, he refused to admit to certain charges that the prosecuting attorney had included on an information sheet, claiming that requiring him so to admit violated his Fourth and Fifth Amendment rights. Counselor Smith told him that she disapproved of Mr. Munson's interracial marriage and would use her power as a counselor to remove him from the RSVP. Mr. Munson claimed that, in violation of his First Amendment rights, he had been required to recite a prayer, a requirement approved by ADC Director Norris, Assistant Director Hobbs, RSVP Director Mobley, Coordinator Dunlop, Dr. Clark, Counselor Smith, and Warden White. He further claimed that PPTB Chairman Brownlee and Member Felts denied him due process when they refused to reconsider changing the parole stipulation.

The district court dismissed the complaint under 28 U.S.C. § 1915A as frivolous. We affirmed the dismissal of the due process claim against the PPTB members, but we remanded the remainder of the action and instructed the district court

to consider (1) whether Mr. Munson had stated a Fifth Amendment claim in light of McKune v. Lile, 536 U.S. 24 (2002); (2) whether Mr. Munson had sufficiently alleged a First Amendment claim based upon his required religious participation in the RSVP, and a Fourteenth Amendment equal-protection claim based upon his removal from the RSVP because of his interracial marriage; and (3) whether Mr. Munson had exhausted his administrative remedies. See Munson v. Norris, 67 Fed. Appx. 383 (8th Cir. 2003) (unpublished per curiam).

On remand, Mr. Munson unsuccessfully moved for appointment of counsel and to compel discovery. The district court then held a pretrial evidentiary hearing, at which Mr. Munson was the only witness and testified as follows. He became eligible for parole in May 2000, but the PPTB told him that he must first complete the RSVP because he had been convicted of a sex crime. Prior to starting the RSVP, nondefendant Charlotte Clinton showed Mr. Munson the prosecutor's report of the incident for which Mr. Munson was convicted and told him that he had to admit to everything in the report or he would not be permitted to complete the RSVP. Mr. Munson refused to make the requested admissions because the report contained a false statement. At the afternoon RSVP meeting, Mr. Munson disliked being required to recite a serenity prayer,[1] as he did not wish to use the word "God" during the day and preferred to pray only in the evening. The inmate leader told him that if he did not say the prayer, he would be expelled from the program. When Mr. Munson skipped the prayer, he was placed on extra work detail. Counselor Smith twice told Mr. Munson that she did not believe he (white) should be married to a black woman. Two weeks later, Coordinator Dunlop and Ms. Clinton told Mr. Munson that all the RSVP therapists and counselors had voted to remove him from the program. In a letter to the PPTB, Dr. Gamble and Coordinator Dunlop explained that Mr. Munson had been discharged from the RSVP for failing to make sufficient progress.

---

[1]The record shows this prayer was modeled on the Alcoholics Anonymous (AA) Twelve Steps and repeatedly referred to "God."

The magistrate judge recommended dismissal of the complaint, concluding that (1) Mr. Munson had no constitutional right to be conditionally released before the expiration of his valid sentence, and thus the PPTB's requirement that he complete the RSVP did not violate his Fifth Amendment due process rights, and besides Mr. Munson had named as defendants ADC officials who had no authority over the conditions of parole; (2) Mr. Munson's First Amendment rights were not violated by the RSVP prayer requirement because he had not testified that using the word "God" only in the evenings was a serious belief, and he had not been written up or removed from the program because of his refusal to pray; and (3) Mr. Munson's Fourteenth Amendment claim was unsupported because only one counselor criticized his interracial marriage and all of the counselors decided to remove him from the program. After de novo review and over Mr. Munson's objections, the district court adopted the magistrate judge's recommendations and dismissed the complaint with prejudice.

On appeal, Mr. Munson argues he was denied a full and fair hearing because no witnesses were present at the hearing; the district court erred in not appointing counsel for him and in not compelling discovery; and his testimony alone proved that the case ought to have been submitted to a jury.

Initially, we note defendants waived the exhaustion defense by failing to prove that Mr. Munson had not exhausted his administrative remedies as to his First and Fourteenth Amendment claims. See Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002) (en banc) (defendant has burden to show plaintiff prisoner failed to exhaust administrative remedies); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) (waiver). We also find no abuse of discretion in the district court's denying appointment of counsel, see Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), or in refusing to compel discovery, see Toghiyany v. AmeriGas Propane, Inc., 309 F.3d 1088, 1093 (8th Cir. 2002). Further, the district court acted within its discretion in hearing testimony from Mr. Munson alone. Cf. McPheeters v. Black & Veatch Corp.,

427 F.3d 1095, 1103-04 (8th Cir. 2005) (trial court's release of witnesses reviewed for abuse of discretion). For purposes of the evidentiary hearing, all of Mr. Munson's testimony had to be (and was) regarded as true, see Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993), making other witnesses' testimony cumulative.

After de novo review, see Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995), we agree with the district court that the Fifth Amendment claim failed. The remaining defendants on remand--RSVP and ADC officials--were not responsible for the parole condition and had no power to remove it. We also agree that the Fourteenth Amendment claim failed. Only Counselor Smith expressed disapproval of Munson's interracial marriage, and all RSVP therapists and counselors voted to remove Mr. Munson from the program. Moreover, the letter from Dr. Gamble and Coordinator Dunlop reveals that Mr. Munson was removed from the program for failure to make progress. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (in equal protection claim, prisoner must prove existence of purposeful racial discrimination).

However, the district court--by deciding whether Mr. Munson's preference to say "God" only at night was a "serious" belief--wrongly analyzed the First Amendment claim under the Free Exercise Clause instead of the Establishment Clause. See Lee v. Weisman, 505 U.S. 577, 587, 591-92 (1992) (Establishment Clause prohibits government from coercing anyone to participate in religion or its exercise); Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 983 (8th Cir.) (threshold issue in free-exercise claim is whether challenged governmental action infringes upon sincerely held religious belief), cert. denied, 125 S. Ct. 501 (2004). Thus, we instruct the district court, on remand, to decide whether requiring Mr. Munson at the RSVP meetings to recite the serenity prayer was in violation of the Establishment Clause. See, e.g., Warner v. Orange County Dep't of Prob., 115 F.3d 1068, 1075-76 (2d Cir. 1996) (county government agency violated Establishment Clause by conditioning plaintiff's criminal probation on his participation in AA; noting considerations would have been different had plaintiff been offered reasonable choice of therapy providers

so that he was not compelled by state's judicial power to enter religious program); Kerr v. Farrey, 95 F.3d 472, 479-80 (7th Cir. 1996) (prison violated Establishment Clause by requiring attendance at Narcotics Anonymous meetings, which used "God" in its treatment approach, where refusal to attend could negatively impact inmate's security-risk rating and consideration for parole); Griffin v. Coughlin, 673 N.E.2d 98, 101-05 (N.Y. 1996) (conditioning desirable privilege--family visitation--on prisoner's participation in religious program that incorporated AA doctrine, without alternative, was violation of Establishment Clause), cert. denied, 519 U.S. 1054 (1997).

Accordingly, we affirm the dismissal of the Fifth and Fourteenth Amendment claims.  We reverse the dismissal of the First Amendment claim, and we remand the First Amendment claim for further proceedings not inconsistent with this opinion.

_____