# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-1393

_____

Gregory Edwards Jr.,                           *
                                                *
            Appellant,                          *
                                                *
      v.                                        *
                                                *
Larry Norris, Director, Arkansas               *
Department of Correction; Ronald               *
Dobbs, Assistant Director, Arkansas            *    Appeal from the United States
Department of Correction; Mark                 *    District Court for the
Cashion, Warden, Delta Regional Unit,          *    Eastern District of Arkansas.
ADC;  Steve Outlaw, Assistant Warden,          *    [UNPUBLISHED]
Delta  Regional Unit, ADC; Freddie             *
Walls, Captain, Delta Regional Unit,           *
ADC; Douglas Harris, Major, Delta              *
Regional Unit, ADC; Jack Lewis, Lt.,           *
Delta Regional Unit, ADC; Charlotte            *
Jones, Correctional Officer, Delta             *
Regional Unit, ADC; James Payne,               *
Correctional Officer, Delta Regional           *
Unit, ADC; Undray Fields, Sgt. Delta           *
Regional Unit, ADC; Sharmon Curtis-            *
Tyler, Classification Officer, Delta           *
Regional Unit, ADC,                            *
                                                *
            Appellees.                          *

_____

Submitted: November 16, 2007
Filed:  January 9, 2008

_____

Before WOLLMAN and BENTON, Circuit Judges, and DOTY,[1] District Judge.
_____

PER CURIAM.

Gregory Edwards, Jr., an Arkansas inmate, appeals the district court's[2] dismissal of his 42 U.S.C. § 1983 complaint following an evidentiary hearing. We affirm.

Edwards argues that the appellees failed to provide adequate security within his barracks and failed to protect him from an attack by another inmate, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. At the evidentiary hearing, Edwards was permitted to introduce evidence and testify. Edwards testified that the attack by another inmate occurred when no guards were watching his barracks and that the incident caused him serious medical problems, including a laceration to his liver and kidney and skull fractures. The magistrate judge denied Edwards's request to hear testimony from the prison guards to elicit information on their whereabouts during the attack.

We have previously approved the use of evidentiary hearings to determine whether the plaintiff has set forth a cognizable claim that should go to a jury or whether the facts are so one-sided as to warrant a decision as a matter of law. Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (indicating that the standard is whether the plaintiff's case would survive a Fed. R. Civ. P. 50(a) motion). In such a hearing, the plaintiff's testimony and evidence must be taken as true, all

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

appropriate inferences must be drawn in the plaintiff's favor, and the judge may not make any credibility determinations.  Id. at 136.

For Edwards to prevail, he must show that the lack of supervision of his barracks posed a substantial risk of serious harm and that the appellees were deliberately indifferent to that risk.  See Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  During the evidentiary hearing, the magistrate judge accepted Edwards's testimony as truthful and drew all appropriate inferences in Edwards's favor.  Thereafter, the magistrate judge concluded that, although Edwards was attacked by another inmate and suffered medical consequences that were both severe and ongoing, he failed to present any evidence that the appellees knew of a serious risk of harm or that they were deliberately indifferent to that risk.  Edwards acknowledged that he had not informed anyone at the facility of his concerns of lack of supervision before the attack.  He also acknowledged that he had not been concerned that the inmate who attacked him posed a risk of serious harm.

The magistrate judge did not err in denying Edwards's request to question the appellees during the evidentiary hearing because such testimony would not have constituted evidence different from or in addition to that which could be inferred from Edwards's testimony.  See Munson v. Norris, 435 F.3d 877, 880 (8th Cir. 2006) ("For purposes of the evidentiary hearing, all of [the plaintiff's] testimony had to be (and was) regarded as true, making other witnesses' testimony cumulative." (internal citation omitted)).  Even after taking Edwards's testimony as true and drawing all inferences in his favor, the fact that Edwards was violently attacked is not enough to establish a trial-worthy issue of fact on whether the appellees were deliberately indifferent to a serious risk of harm.

The judgment is affirmed.

_____