# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3928

_____

Zoltek Corporation,     *
             *
    Appellant,    *
             *  Appeal from the United States
   v.        *  District Court for the
             *  Eastern District of Missouri.
Structural Polymer Group;   *
Gurit (UK) Ltd.,      *
             *
    Appellees.    *

_____

Submitted: September 24, 2009
Filed: January 26, 2010

_____

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Zoltek Corporation (Zoltek) appeals the district court's[1] dismissal of its fraud claim against Structural Polymer Group and its subsidiary Gurit (UK) Ltd. (collectively, SP). Zoltek argues the district court erred in holding Missouri's economic loss doctrine barred Zoltek's fraud claim. We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

In November 2000, Zoltek, a manufacturer of carbon fiber, and SP, a user of carbon fiber, entered into a ten-year supply agreement (requirements contract) in which the parties agreed Zoltek would supply all of SP's requirements of large filament count carbon fiber. Large filament count carbon fiber contains 48,000 or more filaments per bundle, while the superior quality, but more expensive, small filament count carbon fiber contains fewer filaments per bundle. In 2000, most manufacturers used small filament count carbon fiber. Zoltek and SP intended to develop a new market for less expensive large filament count fiber in the wind-energy industry. In 2000, 2001, and 2002, SP purchased Zoltek's large filament count carbon fiber product, Panex 33, under the requirements contract. In 2002, Zoltek stopped manufacturing Panex 33 in favor of its new large filament count carbon fiber product Panex 35. SP ordered no Panex 33 or 35 in 2003. SP ordered and received Panex 35 in 2004, and placed orders for 2005 and 2006.

The parties became embroiled in a dispute over whether the requirements contract covered both Panex 33 and Panex 35. On February 22, 2005, SP sued Zoltek in the district court for breach of contract, attaching the requirements contract to its complaint. SP sought lost profits through December 31, 2006, and future lost profits through December 31, 2010, based on Zoltek's failure to supply large filament count carbon fibers to SP. The case went to trial on November 6, 2006. In the course of the proceedings SP's expert witness testified, and Zoltek now alleges falsely represented, SP would purchase the maximum allowable quantity of 2,038 tons of large filament count carbon fiber in 2008, 2,491 tons in 2009, and 2,945 tons in 2010—a total of 7,474 tons during the three years. David Schofield, SP's Chief Corporate Development Officer, later repeated these representations to Zsolt Rumy, Zoltek's Chief Executive Officer. After a fourteen-day trial, the jury found for SP and awarded damages for lost profits, but no damages for future lost profits. The district court entered judgment in SP's favor for $21,138,518. Zoltek appealed, and this court affirmed on October 8,

2008.  See Structural Polymer Group, Ltd. v. Zoltek Corp., 543 F.3d 987, 1001 (8th Cir. 2008).

Zoltek filed this action against SP in Missouri state court on March 6, 2008, claiming breach of the same requirements contract and alleging fraud based upon SP's representations during the first trial, which amounted to a commitment to purchase Zoltek's carbon fiber from 2008 to 2010.  Zoltek alleged it invested over $77 million to meet SP's future orders.  SP removed the case to the federal district court on April 4, 2008.  The district court granted SP's motion to dismiss, holding (1) nothing in the requirements contract required SP to accept unfilled orders once the parties terminated the agreement, and (2) Missouri's economic loss doctrine barred Zoltek's recovery on its fraud claim.  Zoltek now appeals the district court's dismissal of its fraud claim.

## II.    DISCUSSION

"This court reviews de novo the grant of a motion to dismiss, 'taking all facts alleged in the complaint as true.'"  Charles Brooks Co. v. Ga.-Pac., 552 F.3d 718, 721 (8th Cir. 2009) (quoting Students for Sensible Drug Policy Found. v. Spellings, 523 F.3d 896, 899 (8th Cir. 2008)).  We will affirm if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to successfully state a claim upon which relief can be granted, Zoltek "must assert facts that affirmatively and plausibly suggest [Zoltek] has the right [it] claims . . . , rather than facts that are merely consistent with such a right."  Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quoting Stalley v. Cath. Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)), cert. denied, 2009 WL 2946880 (U.S. Nov. 16, 2009) (No. 09-322).

The district court concluded Missouri's economic loss doctrine barred Zoltek's recovery on its fraud claim.  Because the Missouri state courts have not addressed the application of the economic loss doctrine to fraud claims, the district court attempted to predict how the Supreme Court of Missouri would decide the issue.  The district

court concluded the Missouri court would hold "in a suit involving a commercial transaction between merchants, a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by the economic loss doctrine." We find the district court's prediction of Missouri law somewhat doubtful. Cf. Miller v. Big River Concrete, LLC, 14 S.W.3d 129, 134 (Mo. Ct. App. 2000) (rejecting the economic loss doctrine in a negligent misrepresentation case). However, as we may affirm on any ground supported by the record, see Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003), we conclude it is unnecessary to address this Missouri law issue to resolve the case.

Zoltek's allegations do not plausibly suggest it has a right to relief. Zoltek alleges it relied upon SP's representations, made during the previous case, concerning SP's intentions to order over 7,474 tons of Zoltek's large filament count fiber in the years 2008 to 2010, and Zoltek invested at least $77 million in infrastructure in the United States, Hungary, and Mexico based upon SP's representations. As a matter of law, Zoltek's reliance was not reasonable because (1) the parties were both sophisticated business entities, (2) the requirements contract between the parties—which we notice from the prior case—required individual orders be in writing,[2] (3) such oral orders may violate the Missouri statute of frauds, see Mo. Rev. Stat. § 432.010; cf. Am. Viking Contractors, Inc. v. Scribner Equip. Co., 745 F.2d 1365, 1372 (11th Cir. 1984) ("A promise which is unenforceable cannot be reasonably relied upon and thus cannot form the basis for an action in fraud." (citation omitted) (applying Georgia law)), and (4) the representations at issue were made in the midst of contentious litigation between the parties.[3] No reasonable, sophisticated business

_____

[2]The court need not hesitate on this point as Zoltek's counsel stated at oral argument "[t]he contract requires purchase orders."

[3]We further note, the jury in the previous litigation neither accepted nor relied upon these representations by SP, that is, proposing future orders of 7,474 tons of Zoltek's large filament count fiber during the years 2008 to 2010, because the jury awarded Zoltek no damages for the period after 2006. See Structural Polymer, 543

-4-

entity would invest tens of millions of dollars based on the oral estimates of future purchases under a written requirements contract made by its adversary in hostile litigation to bolster a future lost profits claim.[4] Because Zoltek's allegations do not plausibly suggest, nor could a jury reasonably infer, Zoltek reasonably relied upon SP's representations, Zoltek's fraud claim fails. See Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949-50 (citing in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)) (stating "only . . . a plausible claim for relief survives a motion to dismiss" and explaining "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## III.   CONCLUSION

For these reasons, we affirm.

BRIGHT, concurring.

I concur in the result but not the reasoning. As I see it, the basis of the majority opinion relies on the fraud doctrine. But the district court decided this case on the economic loss doctrine. Although the reliance issue discussed by the majority appears in the parties' district court filings, I would resolve this case on the issue squarely

---

F.3d at 991 (recognizing the jury "declined to award SP future lost profits").

[4]As we stated in Braden, our task is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009) (citation omitted). In contrast to Braden, where the district court failed to draw all reasonable inferences in Braden's favor, in this case a key element of Zoltek's claim is implausible even if all reasonable inferences are drawn in Zoltek's favor. See Braden, 585 F.3d at 595.

decided by the district court. The economic loss doctrine has found favor in many areas, and I believe the Missouri Supreme Court would adopt the doctrine to apply to cases similar to the instant controversy.

_____